UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BURR, GABRIELE EIMONTAITE, and KEVIN VILLARREAL, Individually and On Behalf of All Others Similarly Situated, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| Plaintiffs, | **Jury Trial Demanded** |
| v. | **Civil Case No. _____** |
| LOADSMART, INC., | |
| Defendant. | |

**CLASS AND COLLECTIVE ACTION AND COMPLAINT**

Plaintiffs Michael Burr, Gabriele Eimontaite, and Kevin Villarreal ("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their attorneys Outten & Golden LLP, complaining of the conduct of Loadsmart, Inc. ("Defendant" or "Loadsmart"), allege as follows:

**PRELIMINARY STATEMENT**

1.      This lawsuit seeks to recover unpaid overtime compensation and other damages for Plaintiffs and similarly situated co-workers who have worked as exempt-classified inside salespeople at Loadsmart nationwide in the roles of Carrier Sales Representative, Account Sales Representative, Digital Sales Representative, Sales Development Representative, and other similar positions, however variously titled (collectively, "Sales Representatives").

2.      Loadsmart is a transportation logistics solutions company headquartered in Chicago, Illinois, with offices located in Chicago, Illinois, Phoenix, Arizona, as well as internationally, and previously in New York, New York.

3.    Loadsmart employs Sales Representatives, such as Plaintiffs, to make sales of its third-party logistics services to current and prospective clients.

4.    While employed by Loadsmart, Plaintiffs consistently worked more than 40 hours per workweek without receiving overtime compensation for hours over 40.  Throughout the relevant period, it was Loadsmart's policy to deprive Plaintiffs of their earned overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 Ill. Comp. Stat. 105/1, *et seq*., and applicable regulations (collectively, the "Illinois Wage Laws"), and the New York Labor Law ("NYLL" or "N.Y. Lab. Law"), N.Y. Lab. Law, Article 19, §§ 650, *et seq*. and Article 6, §§ 19, *et seq.*, and the supporting New York State Department of Labor Regulations (collectively, the "New York Wage Laws").

5.     During the relevant period, it has been Loadsmart's policy to uniformly classify Sales Representatives, including Plaintiffs, as exempt from federal and state overtime provisions and not to pay Sales Representatives any overtime wages.

6.    The primary duties of Sales Representatives are non-exempt.  These primary duties did not vary significantly from one Sales Representative to another.

7.    The primary duties of Sales Representatives do not fall under any of the exemptions under federal or state overtime laws.

8.    Plaintiffs and Sales Representatives have worked overtime hours, as defined by applicable federal and state laws, and are entitled to premium compensation at the appropriate rate for all overtime hours worked.

9.    Plaintiffs bring this action on behalf of themselves and all similarly situated current and former Sales Representatives of Loadsmart pursuant to the FLSA.

10.    Plaintiffs seek permission to give notice of this action pursuant to 29 U.S.C.

§ 216(b) to all persons who are presently or have at any time since August 5, 2019, worked for Loadsmart as Sales Representatives.

11.     Plaintiffs Burr and Eimontaite also bring this action to recover unpaid overtime compensation and other damages for themselves and similarly situated current and former employees who worked for Loadsmart in Illinois during the applicable period as a Fed. R. Civ. P. 23 class action under the Illinois Wage Laws.

12.     Plaintiff Villarreal also brings this action to recover unpaid overtime compensation and other damages for himself and similarly situated current and former employees who worked for Loadsmart in New York during the applicable period as a Fed. R. Civ. P. 23 class action under the New York Wage Laws.

13.     By agreement dated August 5, 2022, Loadsmart agreed to toll the applicable statutes of limitations on behalf of Plaintiffs and similarly situated Sales Representatives.

## JURISDICTION & VENUE

14.     This Court has federal question jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

15.     This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because the state law claims and the federal claims are so closely related that they form part of the same case or controversy under Article III of the United States Constitution.

16.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

17.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) because Loadsmart is subject to personal jurisdiction in this District and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## THE PARTIES

### Plaintiff Michael Burr

18.     Plaintiff Burr is a resident of Cook County, Illinois.

19.     Plaintiff Burr was employed by Loadsmart as a Sales Representative in Loadsmart's Chicago, Illinois office from approximately March 2021 to May 2022.

20.     At all times relevant to the Class and Collective Action Complaint, Plaintiff Burr was an "employee" within the meaning of all applicable statutes.

21.     Plaintiff Burr regularly worked more than 40 hours in a workweek with an average of approximately 63 hours per week but was not paid overtime compensation for hours he worked over 40 per week due to Loadsmart's policy of treating Sales Representatives as exempt.

22.     A written consent form signed by Plaintiff Burr is attached as Exhibit 1.

### Plaintiff Gabriele Eimontaite

23.     Plaintiff Eimontaite is a resident of Cook County, Illinois.

24.     Plaintiff Eimontaite was employed by Loadsmart as a Sales Representative in Loadsmart's Chicago, Illinois office from approximately April 2021 to June 2021.

25.     At all times relevant to the Class and Collective Action Complaint, Plaintiff Eimontaite was an "employee" within the meaning of all applicable statutes.

26.     Plaintiff Eimontaite regularly worked more than 40 hours in a workweek with an average of approximately 54 to 56 hours per week but was not paid overtime compensation for hours she worked over 40 per week due to Loadsmart's policy of treating Sales Representatives as exempt.

27.     A written consent form signed by Plaintiff Eimontaite is attached as Exhibit 2.

### Plaintiff Kevin Villarreal

28.     Plaintiff Kevin Villarreal is a resident of New York County, New York.

4

29.     Plaintiff Villarreal was employed by Loadsmart as a Sales Representative in Loadsmart's New York, New York office from approximately January 2019 to December 2020.

30.     At all times relevant to the Class and Collective Action Complaint, Plaintiff Villarreal was an "employee" within the meaning of all applicable statutes.

31.     Plaintiff Villarreal regularly worked more than 40 hours in a workweek with an average of approximately 55 to 59 hours per week but was not paid overtime compensation for hours he worked over 40 per week due to Loadsmart's policy of treating Sales Representatives as exempt.

32.     A written consent form signed by Plaintiff Villarreal is attached as Exhibit 3.

***Defendant Loadsmart, Inc.***

33.     Loadsmart is a third-party logistics company.

34.     Upon information and belief, Loadsmart is a corporation formed under the laws of the State of Delaware with a principal place of business in Chicago, Illinois.

35.     Loadsmart has offices in Chicago, Illinois, Phoenix, Arizona, and, until approximately in or around January 2021, in New York, New York.

36.     Upon information and belief, Loadsmart has maintained control, oversight, and direction over its operations and employment practices.

37.     At all times hereinafter mentioned, Loadsmart was Plaintiffs' "employer" within the meaning of all applicable statutes.

38.     At all relevant times, Loadsmart maintained control, oversight, and direction over Plaintiffs and other Sales Representatives, including timekeeping, payroll, and other employment practices that applied to them.

39.     Loadsmart has applied the same employment policies, practices, and procedures to Sales Representatives nationwide, including policies, practices, and procedures with respect to

payment of overtime compensation.

40.     Loadsmart's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## FLSA COLLECTIVE ACTION CLAIMS

41.     Plaintiffs bring the First Cause of Action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who work or have worked for Loadsmart as Sales Representative nationwide since August 5, 2019, and who elect to opt-in to this action ("FLSA Collective").

42.     Upon information and belief, there are hundreds of current and former Sales Representatives who are similarly situated to Plaintiffs and were denied overtime compensation.

43.     Plaintiffs are acting on behalf of Loadsmart's current and former Sales Representatives' interests as well as their own interests in bringing this action.

44.     Loadsmart unlawfully required Plaintiffs and all individuals employed as Sales Representatives to work in excess of 40 hours per week without paying them overtime compensation at a rate of at least one and one-half times their regular hourly rate for all overtime hours worked.  Upon information and belief, Loadsmart applied the same unlawful policy to all Sales Representatives.

45.     The FLSA Collective members are readily identifiable and locatable through the use of Loadsmart's records.  The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Loadsmart.

## ILLINOIS CLASS ALLEGATIONS

46.     Plaintiffs Burr and Eimontaite bring the Second Cause of Action on their own behalf and as a class action, pursuant to Fed R. Civ. P. 23(a) and (b), on behalf of the following class of persons:

> All Sales Representatives who are currently or have been employed by Loadsmart, Inc. in the State of Illinois at any time since August 5, 2019 through the entry of judgment in this case (hereinafter referred to as the "Illinois Class" and the "Illinois Class Period," respectively).

47.     Excluded from the Illinois Class are Loadsmart's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Loadsmart; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Illinois Class.

48.     The persons in the Illinois Class are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Loadsmart.

49.     Upon information and belief, the size of the Illinois Class is hundreds of individuals.

50.     The Second Cause of Action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3).  There are questions of law and fact common to the Illinois Class that predominate over any questions solely affecting individual members of the Illinois Class, including but not limited to:

    a.   whether Loadsmart violated the Illinois Wage Laws;

    b.   whether Loadsmart misclassified Plaintiffs and the members of the Illinois Class as exempt from the protections of the Illinois Wage Laws;

c.   whether Loadsmart failed to compensate Plaintiffs Burr and Eimontaite and the Illinois Class for hours worked in excess of 40 hours per workweek;

d.   whether Loadsmart failed to keep true and accurate time records for all hours worked by Plaintiffs Burr and Eimontaite and the Illinois Class; and

e.   the nature and extent of Illinois Class-wide injury and the appropriate measure of damages for the Illinois Class.

51.   Plaintiffs Burr and Eimontaite fairly and adequately protect the interests of the Illinois Class and have no interests antagonistic to the class.  Plaintiffs Burr and Eimontaite are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

52.   A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where an individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against Loadsmart.  The damages sustained by individual class members are small compared to the expense and burden of individual prosecution of this litigation.  Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

53.   Further, Plaintiffs Burr and Eimontaite and the Illinois Class have been equally affected by Loadsmart's failure to pay overtime wages.  Moreover, members of the Illinois Class still employed by Loadsmart may be reluctant to raise individual claims for fear of retaliation.

54.   Loadsmart has acted or refused to act on grounds generally applicable to the Illinois Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

55.   Plaintiffs Burr and Eimontaite's claims are typical of those of the Illinois Class.

Plaintiffs Burr and Eimontaite and the other Illinois Class members were subjected to Loadsmart's policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay overtime wages and the failure to keep adequate records. Plaintiffs Burr and Eimontaite's claims are typical of those of the other class members.

56.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against the corporate Loadsmart. The members of the Illinois Class have been damaged and are entitled to recovery as a result of Loadsmart's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Illinois Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Loadsmart's practices.

## NEW YORK CLASS ALLEGATIONS

57.    Plaintiff Villarreal brings the Third, Fourth, and Fifth Causes of Action on his own behalf and as a class action, pursuant to Fed R. Civ. P. 23(a) and (b), on behalf of the following class of persons:

> All exempt-classified Sales Representatives who are currently or have been employed by Loadsmart, Inc. in the State of New York at any time since August 5, 2016 through the entry of judgment in this case (hereinafter referred to as the "New York Class" and the "New York Class Period," respectively).

58.    Excluded from the New York Class are Loadsmart's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Loadsmart; the Judge(s) to whom this case is assigned and

any member of the Judge(s)' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Illinois Class.

59.     The persons in the New York Class are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Loadsmart.

60.     Upon information and belief, the size of the New York Class is sufficiently numerous that joinder would be impracticable.

61.     The Third, Fourth and Fifth Causes of Action are properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3).  There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the Illinois Class, including but not limited to:

    a.   whether Loadsmart violated the New York Wage Laws;

    b.   whether Loadsmart misclassified Plaintiff Villareal and the members of the New York Class as exempt from the protections of the New York Wage Laws;

    c.   whether Loadsmart failed to compensate Plaintiff Villarreal and the New York Class for hours worked in excess of 40 hours per workweek in violation of and within the meaning of N.Y. Lab. Law Article 6, §§ 190, *et seq.* and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

    d.   whether Loadsmart failed to keep true and accurate time records for all hours worked by Plaintiff Villarreal and the New York Class;

    e.   whether Loadsmart failed to furnish the New York Class with the New York wage notice required by N.Y. Lab. Law § 195;

    f.   whether Loadsmart failed to furnish the New York Class with proper and accurate

wage statements as required by N.Y. Lab. Law § 195;

g.  the nature and extent of New York Class-wide injury and the appropriate measure of damages for the New York Class; and

h.  whether Loadsmart acted willfully or with reckless disregard in its failure to pay the New York Class.

62.  Plaintiff Villarreal fairly and adequately protects the interests of the New York Class and has no interests antagonistic to the class. Plaintiff Villarreal is represented by attorneys who are experienced and competent in both class litigation and employment litigation.

63.  A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where an individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against Loadsmart. The damages sustained by individual class members are small compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

64.  Further, Plaintiff Villarreal and the New York Class have been equally affected by Loadsmart's failure to pay overtime wages and provide proper wage statements and wage notices. Moreover, members of the New York Class still employed by Loadsmart may be reluctant to raise individual claims for fear of retaliation.

65.  Loadsmart has acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

66.  Plaintiff Villarreal's claims are typical of those of the New York Class. Plaintiff Villarreal and the other New York Class members were subjected to Loadsmart's policies,

practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay overtime wages and the failure to keep adequate records. Plaintiff Villarreal's claims are typical of those of the other class members.

67.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against the corporate Loadsmart. The members of the New York Class have been damaged and are entitled to recovery as a result of Loadsmart's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the New York Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Loadsmart's practices.

## COMMON FACTUAL ALLEGATIONS

68.     Plaintiffs and the members of the FLSA Collective, the Illinois Class, and the New York Class (collectively, "Class Members") have been victims of Loadsmart's common policy and plan that has violated their rights under the FLSA, Illinois Wage Laws, and New York Labor Law by requiring Sales Representatives to work in excess of 40 hours per week and denying them overtime compensation for all overtime hours worked. At all times relevant, Loadsmart's unlawful policy and pattern or practice has been willful.

69.     Loadsmart employs Sales Representatives to sell its third-party logistics services.

70.     Loadsmart posts jobs in its sales department, including for "Carrier Sales Representative," "Account Sales Representative," "Digital Sales Representative, and "Sales Development Representative" positions. Plaintiffs' and Sales Representatives' primary duties

were non-exempt sales-related duties, specifically, identifying business opportunities, engaging with current and potential customers by phone and email, and making sales of Loadsmart's third-party logistics services.

71.     Plaintiffs and Sales Representatives have performed their sales tasks from Loadsmart's offices or another fixed location, such as from their homes.

72.     Loadsmart has required Plaintiffs and Sales Representatives to attend an initial training during which Loadsmart trains them on its sales techniques and provides guidance for how to engage with clients, including call scripts and questions to ask shipping clients about their shipping needs or carrier clients about their shipping capacities.

73.     Loadsmart has required Plaintiffs and Sales Representatives to use a specific software system and to follow specific instructions to quote prices and make sales to shipping and carrier clients.

74.     Loadsmart has subjected Plaintiffs and Sales Representatives to discipline for failure to follow these specific requirements.

75.     The primary duties of Plaintiffs and Sales Representatives do not fall under any of the exemptions under federal or state overtime laws.

76.     Although Plaintiffs and  Sales Representatives were eligible to earn commissions, these commissions did not constitute the majority of their earnings.

77.     Throughout their employment, Plaintiffs and Class Members consistently worked more than 40 hours per week.

78.     Loadsmart sets sales quotas and productivity metrics for Sales Representatives to meet, including a calls-per-day quota.

79.     Loadsmart has disciplined Sales Representatives for failure to meet the required

quotas and productivity metrics.

80.    Plaintiffs and Sales Representatives worked overtime hours to meet Loadsmart's job requirements, make sales, and attempt to meet the quotas and sales metrics Loadsmart sets.

81.    Loadsmart required Plaintiffs to provide customers with responsive customer service so that they could continue to make future sales to those customers.

82.    Loadsmart has instructed Plaintiffs and Sales Representatives to respond to customers' emails, texts, and calls promptly, even outside of business hours.

83.    Loadsmart has required Plaintiffs and Sales Representatives to work on weekends to respond to customer needs and meet sales metrics.

84.    Plaintiffs and Sales Representatives frequently received calls, texts, and emails outside business hours from customers asking about shipment status, or from carrier clients providing updates.

85.    On information and belief, it is Loadsmart's policy and practice to require Plaintiffs and Sales Representatives to be available to customers outside of business hours.

86.    Loadsmart was aware that Plaintiffs and the Class Members worked more than 40 hours per workweek, yet Loadsmart failed to pay them any overtime compensation.

87.    Loadsmart did not keep accurate records of hours worked by Plaintiffs and Sales Representatives.

88.    All of the work performed by Plaintiffs and Sales Representatives was assigned by Loadsmart and Loadsmart was aware that Plaintiffs and Sales Representatives regularly worked overtime hours.

89.    Loadsmart failed to pay Plaintiffs and Sales Representatives time and one-half for all hours worked over 40 in a workweek in violation of the FLSA.

14

90.     As part of its regular business practice, Loadsmart intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy that violates the FLSA, Illinois Wage Laws, and New York Labor Law.

91.     Loadsmart's policy and pattern or practice includes but is not limited to:

a.  willfully misclassifying Plaintiffs and Class Members as exempt from the protections of federal and state overtime laws;

b.  willfully failing to record the time that its employees, including Plaintiffs and Class Members, worked for the benefit of Loadsmart;

c.  willfully failing to keep payroll records as required by the FLSA, Illinois Wage Laws, and New York Wage Laws; and

d.  willfully failing to pay its employees, including Plaintiffs and Class Members, overtime wages for the overtime hours that they worked.

92.     Loadsmart was aware, or should have been aware, that the federal and state wage and hour laws required it to pay Plaintiffs and other Sales Representatives overtime compensation for all hours worked in excess of 40 per week.

93.     Loadsmart was aware, or should have been aware, that Plaintiffs and other Sales Representatives' primary duties were sales-related tasks, including communicating with clients and potential clients via phone and email, researching sales leads, and/or makings sales of Loadsmart's services to current and/or prospective clients, and that these duties do not fall within any overtime exemption under the FLSA or state wage and hour laws.

94.     Loadsmart was or should have been aware that it was misclassifying its Sales Representatives as overtime exempt based on extensive litigation over similar logistics sales positions in the logistics industry.

95.     Loadsmart's failure to pay Plaintiffs and Class Members overtime wages for their work in excess of 40 hours per week was willful, intentional, and in bad faith.  Loadsmart did not ensure that its compensation practices with respect to Plaintiffs and other Sales Representatives complied with federal or state law.

96.     Loadsmart's unlawful conduct has been widespread, repeated, and consistent.

97.     Plaintiffs sent Loadsmart a written correspondence in June 2022 regarding Plaintiffs' overtime claims and participated in a pre-litigation mediation with Loadsmart on May 1, 2023.  On information and belief, Loadsmart did not thereafter change its practice of classifying Sales Representatives as exempt employees.

**<u>FIRST CAUSE OF ACTION</u>**
**<u>FLSA – Overtime Wages</u>**
**29 U.S.C. §§ 201, *et seq.***
**(Brought by Plaintiffs Individually and on Behalf of the FLSA Collective)**

98.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

99.     Plaintiffs and members of the FLSA Collective are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

100.    Loadsmart employed Plaintiffs and members of the FLSA Collective for workweeks longer than 40 hours and willfully failed to compensate Plaintiffs for all of the time worked in excess of 40 hours per week, at a rate of at least one and one-half times their regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

101.    Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

102.    Loadsmart's violations of the FLSA, as described in this Complaint, were willful and intentional.

16

103.    Loadsmart failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

104.    Because Loadsmart's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

105.    As a result of Loadsmart's willful violations of the FLSA, Plaintiffs and all other similarly situated employees suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq*.

106.    As a result of the unlawful acts of Loadsmart, Plaintiffs and other similarly situated current and former employees were deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**Illinois Wage Laws – Overtime Wages**
**820 Ill. Comp. Stat. 105/1, *et seq*.**
**(Brought by Plaintiffs Burr and Eimontaite Individually**
**and on Behalf of the Illinois Class)**

107.    Plaintiffs Burr and Eimontaite reallege and incorporate by reference all allegations in all preceding paragraphs.

108.    At all times relevant, Plaintiffs Burr and Eimontaite and the members of the Illinois Class have been employees and Loadsmart has been their employer within the meaning of the Illinois Wage Laws.  Plaintiffs Burr and Eimontaite and the members of the Illinois Class are covered by the Illinois Wage Laws.

109.    Loadsmart employed Plaintiffs Burr and Eimontaite and the members of the Illinois Class.

110.    Loadsmart failed to pay Plaintiffs Burr and Eimontaite and the members of the Illinois Class wages to which they are entitled under the Illinois Wage Laws. Loadsmart failed to pay Plaintiffs Burr and Eimontaite and the members of the Illinois Class for overtime at a rate of one and one-half times their regular rate of pay.

111.    Loadsmart failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiffs Burr and Eimontaite and the Illinois Class members.

112.    Due to Loadsmart's intentional and willful violations of the Illinois Wage Laws, Plaintiffs Burr and Eimontaite and the members of the Illinois Class are entitled to recover from Loadsmart their unpaid wages (including overtime wages), treble damages, reasonable attorneys' fees and costs of the action, pre-judgment interest, 5% interest per month interest in accordance with the Illinois Wage Laws, and such other relief as provided by law.

### THIRD CAUSE OF ACTION
**NYLL – Unpaid Overtime**
**N.Y. Lab. Law §§ 190, et seq., 650, et seq.; 12 N.Y.C.R.R. Part 142-2.2**
**(Brought by Plaintiff Villarreal Individually and on Behalf of the New York Class)**

113.    Plaintiff Villarreal realleges and incorporates by reference all allegations in all preceding paragraphs.

114.    At all times relevant, Plaintiff Villarreal and New York Class have been employees and Loadsmart has been their employer within the meaning of the New York Labor Law. Plaintiff Villarreal and the members of the New York Class are covered by the NYLL.

115.    Loadsmart employed Plaintiff Villarreal and the members of the New York Class.

116.    Loadsmart failed to pay Plaintiff Villarreal and the members of the New York Class wages to which they are entitled under the NYLL. Loadsmart failed to pay Plaintiff Villarreal and the members of the New York Class for overtime at a rate of one and one-half times their regular rate of pay in violation of the requirements of the NYLL.

117. By the course of conduct set forth above, Loadsmart has violated N.Y. Lab. Law §§ 190, et seq., 650, et seq.; 12 N.Y.C.R.R. Part 142-2.2.

118. Loadsmart failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff Villarreal and the New York Class members.

119. Loadsmart's failure to pay overtime compensation to Plaintiff Villarreal and members of the New York Class was willful within the meaning of N.Y. Lab. Law §§ 198, 663.

120. As a consequence of the willful underpayment of wages, alleged above, Plaintiff Villarreal and members of the New York Class have incurred damages and Loadsmart is indebted to them in the amount of the unpaid overtime compensation and such other legal and equitable relief due to the Defendant's unlawful and willful conduct, as the Court deems just and proper.

121. Plaintiff Villarreal and members of the New York Class seek recovery of liquidated damages, interest, attorneys' fees, and costs to be paid by Loadsmart as provided by the NYLL.

### FOURTH CAUSE OF ACTION
**NYLL – Failure to Provide Compliant Wage Notices**
**N.Y. Lab. Law, Article 6, §§ 190 et seq.**
**(Brought by Plaintiff Villarreal Individually and on Behalf of the New York Class)**

122. Plaintiff Villarreal realleges and incorporates by reference all allegations in all preceding paragraphs.

123. On information and belief, to the best of Plaintiff Villareal's recollection, Loadsmart failed to supply Plaintiff Villarreal and members of the New York Class with proper notice as required by N.Y. Lab. Law § 195, in English or in the language identified by the employee as their primary language, containing the employee's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with N.Y. Lab. Law § 191; the name of the employer; any "doing business as" names

used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

124.     Due to Loadsmart's violations of N.Y. Lab. Law § 195, Plaintiff Villarreal and members of the New York Class are each entitled to damages of $50 for each workday that Loadsmart failed to provide a wage notice, or a total of up to $5,000 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

**FIFTH CAUSE OF ACTION**
**NYLL – Failure to Provide Complete and Accurate Wage Statements**
**N.Y. Lab. Law, Article 6, § 195(3)**
**(Brought by Plaintiff Villarreal Individually and on Behalf of the New York Class)**

125.     Plaintiff Villarreal realleges and incorporates by reference all allegations in all preceding paragraphs.

126.     On information and belief, Loadsmart failed to supply Plaintiff Villarreal and members of the New York Class with accurate wage statements, pursuant to NYLL § 195(3), containing the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular hourly rate or rates of pay; the number of hours worked, including regular hours and overtime hours worked if applicable; deductions; and net wages.

127.     Due to Loadsmart's violations, Plaintiff Villarreal and members of the New York Class are entitled to damages of two-hundred fifty dollars and zero cents ($250.00) for each workday that Loadsmart failed to provide accurate wages statements, not to exceed five-thousand dollars and zero cents ($5,000.00), pursuant to NYLL § 198(1-d), as well as reasonable attorneys'

fees, cost, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of the FLSA Collective, request the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to issue prompt notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

B. Certification of the Illinois Class and the New York Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

C. Designation of Plaintiffs Burr and Eimontaite as Class Representative for the Illinois Class; and Plaintiff Villareal as Class Representative for the New York Class;

D. Designation of Plaintiffs' counsel of record as Class Counsel;

E. Unpaid overtime, liquidated damages, treble damages, penalties, statutory damages, pre- and post-judgment interest, and other damages owed as provided by law and pursuant to the FLSA, Illinois Wage Laws, and New York Wage Laws;

F. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Loadsmart from continuing its unlawful practices and/or a declaration that Loadsmart's acts violate the law;

G. A reasonable service award for each Plaintiff to compensate them for the time they spent attempting to recover wages for other Sales Representatives, and for the risks they took in doing so;

H.    Attorneys' fees and costs of the action; and

I.    Such other relief as this Court deems necessary, just, and proper.

**<u>JURY DEMAND</u>**

Plaintiffs demand a trial by jury on all issues so triable.


Dated: New York, New York
       June 12, 2023                        Respectfully submitted,


                                            By:  */s/ Erika Pedersen*
                                                 Erika Pedersen

                                            Erika Pedersen (IL Bar No. 6230020)
                                            **PEDERSEN & WEINSTEIN LLP**
                                            33 N. Dearborn Street, Suite 1170
                                            Chicago, IL 60602
                                            Telephone: (312) 322-0710
                                            Email: epedersen@pwllp.com

                                            Melissa L. Stewart*
                                            Rebecca L. Pattiz*
                                            **OUTTEN & GOLDEN LLP**
                                            685 Third Avenue, 25th Floor
                                            New York, NY 10017
                                            Telephone: (212) 245-1000
                                            E-mail: mstewart@outtengolden.com
                                            Email: rpattiz@outtengolden.com

                                            Courtney J. Hinkle*
                                            **OUTTEN & GOLDEN LLP**
                                            1225 New York Ave, NW Suite 1200B
                                            Washington, D.C. 20005
                                            Telephone: (202) 915-5810
                                            E-mail: chinkle@outtengolden.com

                                            **Pro hac vice* application forthcoming

                                            *Attorneys for Plaintiffs and Proposed Class
                                            and Collective Members*