**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MICHAEL BURR, GABRIELE EIMONTAITE, and KEVIN VILLARREAL, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | No. 23 C 3708 |
| vs. | Hon. LaShonda A. Hunt |
| LOADSMART, INC., | |
| Defendant. | |

**ORDER APPROVING PLAINTIFFS' UNOPPOSED MOTION FOR SETTLEMENT APPROVAL, SERVICE AWARDS, AND ATTORNEYS' FEES AND COSTS**

This matter comes before the Court on Plaintiffs' Unopposed Motion for Approval of Settlement, Service Awards, and Attorneys' Fees and Costs (the "Motion"). Having considered the Motion and supporting Memorandum and exhibits attached therefore, the Court hereby GRANTS the Motion and ORDERS as follows:

1. The Court finds that the Parties' Settlement in this Fair Labor Standards Act ("FLSA") action resolves a bona fide dispute, provides a substantial recovery to Collective Members, particularly compared with the risk of protracted litigation, was the result of arm's-length settlement negotiations conducted by counsel well-versed in wage-and-hour law with the assistance of an experience mediator, was reached after substantial litigation, and is fair, reasonable, and adequate.

2. The proposed allocation plan is also reasonable. It treats Collective Members equitably relative to each other because it reflects a proportion of damages owed to Collective Members based on the number of weeks that they worked for Loadsmart and takes into account

the relative damages and penalties available under Illinois law and the FLSA.

3. The Parties' Settlement is approved, and the terms of the Agreement are incorporated herein.

4. The Notice and Reminder, and the plan for their distribution, is approved. The Notice sufficiently informs Collective Members of the terms of the settlement, the settlement payment to which they are entitled, the scope of the release, and the award for Attorneys' Fees and Costs and Service Awards. The Settlement Administrator shall send Notices and Settlement Checks via First Class U.S. mail to Collective Members, with email and text messages sent 14 days after. The Settlement Administrator shall also send Reminders via mail, email, and text message 30, 60, and 90 days after the initial mailing of the Notice to any Collective Member who has not cashed a check.

5. The Check Cashing Period shall expire on October 28, 2026.

6. The *Cy Pres* Recipient is approved. Any amounts remaining following the Check-Cashing Period will be redistributed pro rata to Participating Collective Members, or if a redistribution is impracticable based on the amount leftover, it will be paid to Raise the Floor Alliance. Raise the Floor Alliance is a non-profit 501(c)(3) organization and an appropriate *cy pres* because its mission aligns with the goals of the settlement: to protect workers' rights.

7. The Service Awards of $15,000 each to the Named Plaintiffs and $500 each to the Service Award Recipients are approved, in recognition of the work Named Plaintiffs and Service Award Recipients have done to protect the interests of the Collective Members, the degree to which the Collective Members have benefited, and the amount of time and effort expended in pursuing the litigation. The Named Plaintiffs undertook significant personal and professional risks by pursuing claims against a former employer. The requested Service Awards are reasonable given

the significant contributions made to advance the prosecution and resolution of this lawsuit.

8. Plaintiffs' Counsel's request for attorneys' fees of one-third of the Total Settlement Amount ($500,000.00) plus $ 38,606.63 in out-of-pocket costs and expenses is granted. The Court awards attorneys' fees as a percentage of the total fund made available to the Collective Members. The requested fee of one-third is well within the customary percentage of the fund for wage and hour actions and based on the market in this district. The fee award is further justified by the substantial work Plaintiffs' counsel did conducting the litigation and negotiating the settlement, and the risk Plaintiffs' counsel undertook in bringing these claims. Plaintiffs' counsel are nationally recognized for their expertise in litigating complex class and collective actions, including wage and hour cases like this one, and are justified in seeking compensation in the form of one-third of the settlement for their efforts. The Court also approves the out-of-pocket costs reasonably expended to prosecute the case, including fees for two mediations, computerized research, filing fees, *pro hac vice* admission fees, shipping costs, travel and related costs for mediation and depositions, and court reporter and deposition transcript fees.

9. The Court approves the costs of settlement administration not to exceed $5,950.00.

10. This action is dismissed without prejudice with leave to reinstate on or before November 30, 2026. Thereafter, the case shall be deemed, without further order of the Court, to be dismissed with prejudice, consistent with the terms of the Settlement Agreement.

**DATED**: March 25, 2026

**ENTERED**:

LaShonda A Hunt

LASHONDA A. HUNT
United States District Judge